## GILA RIVER PIMA–MARICOPA INDIAN COMMUNITY, et al.

v.

## The UNITED STATES.

## ESTATE OF James E. CURRY, Deceased, Intervenor,

v.

## Z. Simpson COX, Respondent in Intervention.

### No. 228.

United States Claims Court.

Aug. 1, 1985.

See also 2 Cl.Ct. 12.

Z. Simpson Cox, Phoenix, Ariz., attorney of record for plaintiff; Alfred S. Cox, Ira I. Schneier, and Cox & Cox, of counsel.

Bernard M. Sisson, Washington, D.C., with whom was Assistant Attorney General F. Henry Habicht, II, for defendant.

Landon Gerald Dowdey, Washington, D.C., attorney of record for intervenor.

Z. Simpson Cox, Phoenix, Ariz., attorney of record for respondent in intervention.

Charles A. Hobbs, Washington, D.C., and Frances L. Horn, Washington, D.C., for the firm of Hobbs & Straus and for the firm of Wilkinson, Cragun & Barker.

Samuel P. Goddard, Jr., Phoenix, Ariz., for himself, for Charles M. Wright (deceased) and for the firm of Goddard & Goddard and its predecessors.

## MEMORANDUM OF DECISION

HARKINS, Judge:

This is the concluding phase, applications for attorneys' fees, costs and expenses, on the claim of the confederated Pima and Maricopa Indian tribes for the taking of their aboriginal lands. The claimants (now plaintiffs) are three Indian communities that now occupy separate reservations in Arizona. Plaintiffs, whose members are descendants of members of the Pima-Maricopa confederation, are:

Gila River Indian Community, formerly known as the "Gila River Pima-Maricopa Indian Community";

Salt River Pima-Maricopa Indian Community; and

Ak-Chin Indian Community, formerly known as the "American Indians Residing on the Maricopa Ak-Chin Indian Reservation."

The claim was filed on August 8, 1951, in the Indian Claims Commission (docket No. 228) pursuant to the Act of August 13, 1946 (60 Stat. 1049). It was transferred to the United States Court of Claims on May

8, 1978, pursuant to the Act of October 8, 1976 (90 Stat. 1990) and, on October 1, 1982, to the United States Claims Court pursuant to section 403(d) of the Federal Courts Improvement Act of 1982 (96 Stat. 58, 28 U.S.C. § 171, note (1982)). On April 1, 1985, judgment was entered for an award of $6,260,589.00 on the claim in docket No. 228.

Attorney services were provided through three claims attorney contracts duly filed with the Bureau of Indian Affairs and approved by authorized representatives on behalf of the Secretary of the Interior:

| Indians | Contract No. | Entered | Extended To |
|---|---|---|---|
| Gila River — | I–1–IND 42533 | Feb. 7, 1951 | Feb. 8, 1993 |
| Salt River — | I–1–IND 42193 | Jan. 19, 1949 | Sept. 12, 1989 |
| Ak-Chin — | I–1–IND 42600 | July 27, 1951 | Apr. 27, 1993 |

Various amendments to these attorney contracts have authorized the association of other attorneys to assist the original parties. All three contracts have been amended to provide for the association of Wilkinson, Cragun & Barker. On October 1, 1982, the law firm of Wilkinson, Cragun & Barker was dissolved, and the law firm of Hobbs & Straus assumed its obligations and interest.

Z. Simpson Cox filed the petition in docket No. 228 as attorney of record, and he has acted in that capacity at all times throughout the litigation. The following attorneys participated at various times between 1951 and 1965 in the preparation and litigation of this claim:

Cox & Cox

Z. Simpson Cox

L.J. Cox, Jr.

Lorna E. Lockwood (deceased)

Williby E. Case (deceased)

Harry T. Goss (deceased)

Rudolph Mariscal

Marion R. Smoker

Philip T. Paris

Sarah V. Ross (deceased)

Alan J. Cox

Alfred S. Cox

Stephen L. Cox

Robert E. Yen

Janet Keating

Ira I. Schneier

James E. Curry (deceased—August 23, 1972)

Wright & Goddard

C.M. Wright (deceased—May 8, 1975)

Samuel P. Goddard, Jr.

Goddard & Goddard

Samuel Goddard, Jr.

Samuel Goddard, III.

Wilkinson, Cragun & Barker

Ernest L. Wilkinson (deceased)

Glen A. Wilkinson

John W. Cragun (deceased)

Robert Barker

Donald Gormley (deceased)

Charles A. Hobbs

Jerry C. Straus

Frances L. Horn

Herbert L. Marks

Hobbs & Straus

Charles A. Hobbs

Jerry C. Straus

Frances L. Horn

On May 1, 1985, and supplemented on May 16, 1985, the attorney of record applied for attorney fees in the amount of $626,058.90 for legal services rendered in connection with prosecution of this claim. The amount requested represented 10 percent of the final judgment. On July 12, 1985, the attorney of record applied for reimbursement of costs and expenses for cash expenditures incurred pursuant to the Salt River claims attorney contract, No.

42193. These expenditures total $28,089.73 by the law firm of Wright & Goddard, C.M. Wright and Samuel P. Goddard, Jr., and $992.84 by the law firm of Hobbs, Straus, Dean & Wilder.

On April 18, 1983, Landon G. Dowdey was granted leave to intervene on behalf of the estate of James E. Curry on a claim of a right to participate in any fee award. On July 3, 1985, the Curry Estate applied for a substantial portion of the attorneys' fee as compensation for contribution in the development of this claim. On July 12, 1985, the conflicting applications of the attorney of record and associated attorneys (the Cox Group) and the intervenor were discussed with representatives of the parties and a schedule for discovery and briefing was established, with oral argument scheduled for October 2, 1985.

The issues to be decided as a result of these conflicting applications for fees are (1) whether adequate compensation for the services rendered entitle the attorneys to 10 percent of the recovery obtained, and (2) an appropriate allocation of the fee between the Cox Group and the intervenor.

This court's jurisdiction to allow attorneys' fees in this case is derived from section 15 of the Indian Claims Commission Act (25 U.S.C. § 70n (1976)). Section 15 provided that the fees for attorneys for all services rendered in prosecuting a claim under the Act, whether before the Commission or otherwise, unless the amount is stipulated in the approved contract, would be fixed by the Commission, in accordance with standards applicable to similar contingent claims in courts of law, in such amount as it finds to be adequate compensation for the services rendered and the results obtained, considering the contingent nature of the case. Fees fixed by the Commission, exclusive of reimbursements for actual expenses, may not exceed 10% of the amount recovered in any case. This authority was transferred to the Court of Claims in 1976 (25 U.S.C. § 70v (1976)), and to the Claims Court in 1982. 25 U.S.C. § 70v–3(a) (Supp. V 1981); Pub.L. No. 97–164, § 149(a), 96 Stat. 46.

The applications of counsel establish that 10 percent of the judgment is fair and reasonable compensation for the legal services rendered in this case. The Gila River attorney contract (No. 42453) and the Ak-Chin attorney contract (No. 42600) provides that a 10 percent fee would be reasonable. Each of the Indian community plaintiffs have been notified by the attorney of record and none has expressed objection to allowance of the maximum 10 percent. Defendant United States has no objection to allowance of a fee of 10 percent of the award, but it takes no position on the division of the fee among competing attorneys. The Department of the Interior and the Bureau of Indian Affairs made no recommendation as to the amount of any fee because it did not participate in the litigation.

It is unnecessary to restate in detail the amount of work performed that resulted in the judgment in plaintiff's favor. This is a case that continued for decades and required extensive and novel efforts in discovery, organization and presentation. The case was vigorously defended on an issue by issue basis. Its history involves a trial from July 23 through August 10, 1962, before the Commission on the issue of title, and a trial before the Commission from July 19 through July 23, 1976, on the valuation issue. There were three appeals, each of which required extensive briefing.

In *Western Shoshone Identifiable Group v. United States*, 652 F.2d 41, 228 Ct.Cl. 26 (1981), the Court of Claims reviewed precedents that involved attorneys' fees awards and identified 13 factors by which to test the reasonableness of claims for fees. In that case, the court also noted that any analysis of attorneys' fees claims in Indian cases over the last decade discloses that the full 10 percent was allowed with great consistency. The applications of counsel in this case have been considered against the criteria established by the Court of Claims. The maximum 10 percent of the judgment allowed by statute is entirely fair and reasonable for the services rendered by counsel. The costs and

expenses applied for are found to be true and correct and reimbursable.

The parties have resolved the fee allocation issue. On July 23, 1985, and July 29, 1985, stipulations, executed by all attorneys having any interest in the fees to be awarded in this case, including Landon G. Dowdey on behalf of the Estate of James E. Curry, were filed. These stipulations of settlement provide that the entire fee may be ordered to be paid to Z. Simpson Cox in trust for distribution in accordance with a division agreed upon by the signatories. The stipulations provide that the parties will look to Cox and will make no further claim for any fee award for their participation in the docket No. 228 litigation.

In summary, the amount of the award, to be paid out of the judgment funds, is:

| Attorneys' Fees | | $626,058.90 |
| Costs & Expenses | $28,089.73 (Goddard) | |
| Costs & Expenses | $ 992.84 (Hobbs) | |
| | | 29,082.57 |
| | TOTAL | $655,141.47 |

Accordingly, IT IS ORDERED:

On the basis of the foregoing and the stipulations of the parties, which are accepted by the court, the applications for award of attorneys' fees and for costs and expenses are allowed. The schedule established in the July 12, 1985, conference memorandum and order is rescinded. This award, in total amount of six hundred and fifty-five thousand one hundred and forty-one dollars and forty-seven cents ($655,-141,47) shall be paid to Z. Simpson Cox, attorney of record, for distribution to counsel of record in accordance with the division agreed upon and shall be paid from the judgment entered April 1, 1985, in docket No. 228.